# EXHIBIT 1

ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
brobbins@robbinsarroyo.com
KEVIN A. SEELY (199982)
kseely@robbinsarroyo.com
ASHLEY R. RIFKIN (246602)
arifkin@robbinsarroyo.com
STEVEN M. McKANY (SBN 271405)
smckany@robbinsarroyo.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Attorneys for Plaintiff

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES KENNEY, Derivatively on Behalf of FINISAR CORPORATION, | Case No. C-12-02268-EJD |
| Plaintiff, | **STIPULATION OF SETTLEMENT** |
| v. | |
| EITAN GERTEL, JERRY S. RAWLS, KURT ADZEMA, ROGER C. FERGUSON, ROBERT N. STEPHENS, THOMAS E. PARDUN, MICHAEL C. CHILD, and DOMINIQUE TREMPONT, | |
| Defendants, | |
| -and- | |
| FINISAR CORPORATION, a Delaware corporation, | |
| Nominal Defendant. | |

This Stipulation of Settlement, dated February 14, 2019 (the "Stipulation"), is made and entered into by and among the following Settling Parties,[1] by and through their respective counsel of record: (i) plaintiff James Kenney ("Plaintiff"), individually and derivatively on behalf of nominal defendant Finisar Corporation ("Finisar" or the "Company"); (ii) Eitan Gertel, Jerry S. Rawls, Kurt Adzema, Roger C. Ferguson, Robert N. Stephens, Thomas E. Pardun, Michael C. Child, and Dominique Trempont (collectively, the "Individual Defendants"); and (iii) nominal defendant Finisar. This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the terms and conditions set forth herein.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Finisar is a Delaware corporation with its principal executive offices located in Sunnyvale, California. Finisar develops and sells fiber optic subsystems and components that interconnect various types of networked computer equipment. Plaintiff alleged, among other things, that Defendants made and/or knowingly permitted alleged misstatements that denied concerns regarding potential inventory oversupply.

### A.    Proceedings in the Related Federal Securities Action

The alleged misstatements caused Finisar, and two of its then-executives, to be named in a federal securities fraud class action, titled *In re Finisar Corporation Securities Litigation*, No. 5:11-cv-01252-EJD, which is pending before this Court (the "Securities Action"). In connection with the Securities Action, the Ninth Circuit found that one of the alleged misstatements was an actionable "falsity," and this Court subsequently held the plaintiff adequately pleaded scienter and denied the defendants' motion to dismiss that action.

But the Court subsequently denied the plaintiff's motion for class certification of the Securities Action, finding that the plaintiff had not shown the alleged misleading statement had a price impact (as required to rebut the fraud-on-the-market presumption of reliance). The plaintiff in

---

[1] All capitalized terms not otherwise defined are defined in section V.1.

STIPULATION OF SETTLEMENT
CASE NO. C-12-02268-EJD

the Securities Action filed a motion for reconsideration of the Court's order denying class certification, which the Court denied.  The plaintiff then filed a petition for permission to appeal the Court's orders denying class certification and motion for reconsideration, which the Ninth Circuit denied.

The parties to the Securities Action are currently litigating the plaintiff's renewed motion for class certification and the defendants' motion for judgment on the pleadings.

**B.      Proceedings in This Derivative Action**

On May 4, 2012, Plaintiff filed this shareholder derivative action on behalf of Finisar. Beginning on June 6, 2012, this Action was stayed in favor of the motion to dismiss the related Securities Action, including a related appeal.  After the Court denied the defendants' motion to dismiss the Securities Action on May 1, 2017, the stay of this Action was lifted.

On August 7, 2017, Plaintiff filed an amended complaint.

The Settling Parties then agreed to temporarily continue the stay of this Action pending resolution of the plaintiff's motion for reconsideration of the order denying class certification in the Securities Action.

On February 14, 2018, the Settling Parties agreed to lift the stay in this Action, and thereafter briefed and argued the Defendants' Motion to Dismiss the amended complaint.

On September 5, 2018, the Court entered an order granting the Motion to Dismiss with leave to amend.

On September 18, 2018, in light of the Court's ruling and in an effort to obtain further evidence in support of the alleged wrongdoing, Plaintiff issued a demand to the Company to inspect its books and records pursuant to 8 Delaware General Corporation Law, section 220 ("Inspection Demand").   While meeting and conferring regarding Plaintiff's Inspection Demand, the Settling Parties began discussing whether they could reach a settlement that was in the best interests of the Company.

STIPULATION OF SETTLEMENT
CASE NO. C-12-02268-EJD

### C.     Settlement Efforts

On October 19, 2018, Plaintiff's Counsel sent Defendants' Counsel a settlement demand, which detailed the corporate governance enhancements that the Plaintiff believed would provide substantial benefits to Finisar and support a settlement of the derivative claims.  Over the next several weeks, the Settling Parties engaged in numerous telephonic and written exchanges regarding the terms to be included in any settlement, with a careful eye toward ensuring the settlement included corporate governance reforms tailored to preventing the alleged wrongdoing from recurring.

On November 9, 2018, when the Settling Parties were close to reaching an agreement on the corporate governance component of the Settlement, Finisar announced that it entered into a merger agreement with II-VI Incorporated ("II-VI"), pursuant to which, if consummated, Finisar will become a wholly owned subsidiary of II-VI (the "Acquisition").

In light of the potential Acquisition, Plaintiff negotiated additional governance to help ensure that the corporate governance enhancements would continue to provide a substantial benefit to the Company in the event the Acquisition became effective.  The Settling Parties reached an agreement on the corporate governance component of the Settlement on December 4, 2018.

After negotiating the principal terms of the Settlement, the Settling Parties engaged mediator Robert A. Meyer (the "Mediator") to assist them in negotiating the amount of attorneys' fees (inclusive of expenses) that Finisar will pay to Plaintiff's Counsel in light of the benefits achieved. Over several weeks, the Mediator worked with the Settling Parties telephonically and assisted the Settling Parties in reaching an agreement in principle to settle the derivative claims on January 29, 2019.

## II.     PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiff believes that the Action has substantial merit, and Plaintiff's entry into this Stipulation and Settlement is not intended to be and shall not be construed as an admission or concession concerning the relative strength or merit of the claims alleged in the Action.  However, Plaintiff and Plaintiff's Counsel recognize and acknowledge the significant risk, expense, and length

- 3 -

of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and possible appeals.  Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiff's Counsel are also mindful of the inherent problems of establishing standing in derivative litigation, and the possible defenses to the claims alleged in the Action.

Plaintiff's Counsel have conducted extensive investigation and analysis, including, *inter alia*: (i) reviewing Finisar's press releases, public statements, U.S. Securities and Exchange Commission ("SEC") filings, and securities analysts' reports and advisories about the Company; (ii) reviewing related media reports about the Company; (iii) researching applicable law with respect to the claims alleged in the Action and potential defenses thereto; (iv) preparing and filing derivative complaints; (v) conducting damages analyses; (vi) reviewing and analyzing relevant documents in the Securities Action and evaluating the merits of, and the defendants' potential liability in connection with, the Securities Action; (vii) briefing and arguing the Defendants' Motion to Dismiss; and (viii) negotiating this Settlement with Defendants, including researching corporate governance best practices and negotiating the Reforms.  Based on Plaintiff's Counsel's thorough review and analysis of the relevant facts, allegations, defenses, and controlling legal principles, Plaintiff's Counsel believe that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon Finisar.  Based upon Plaintiff's Counsel's evaluation, Plaintiff has determined that the Settlement is in the best interests of Finisar and has agreed to settle the Action upon the terms and subject to the conditions set forth herein.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiff in the Action.  The Individual Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Action.

Nonetheless, Defendants have concluded that it is desirable for the Action to be fully and

- 4 -

1  finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

2  Defendants have also taken into account the uncertainty and risks inherent in any litigation,

3  especially in complex cases like the Action.  Defendants have, therefore, determined that it is in the

4  best interests of Finisar for the Action to be settled in the manner and upon the terms and conditions

5  set forth in this Stipulation.

6     Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any

7  document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this

8  Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the

9  Released Claims or an admission by or against the Individual Defendants of any fault, wrongdoing,

10  or concession of liability whatsoever.

11  **IV.  INDEPENDENT DIRECTOR APPROVAL**

12     Finisar, acting through its independent, non-defendant directors, reviewed the allegations and

13  the Settlement terms, and, in a good faith exercise of business judgment, determined the Settlement

14  and each of its terms, as set forth in this Stipulation, to be in the best interests of Finisar.

15  **V.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

16     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

17  undersigned counsel for the Settling Parties herein, in consideration of the benefits flowing to the

18  parties from the Settlement, and subject to the approval of the Court pursuant to Rule 23.1 of the

19  Federal Rules of Civil Procedure, that the claims asserted in the Action and the Released Claims

20  shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with

21  prejudice and with full preclusive effect as to all Settling Parties, upon and subject to the terms and

22  conditions of this Stipulation, as set forth below.

23     **1.  Definitions**

24     As used in this Stipulation, the following terms have the meanings specified below:

25     1.1  "Action" means this derivative action styled as James Kenney, Derivatively on Behalf

26  of Finisar Corporation, v. Eitan Gertel, Jerry S. Rawls, Kurt Adzema, Roger C. Ferguson Robert N.

27

28

- 5 -

1  Stephens, Thomas E. Pardun, Michael C. Child, and Dominique Trempont, Case No.  C12-02268-
2  EJD.

3       1.2    "Court" means the U.S. District Court for the Northern District of California.

4       1.3    "Current Finisar Shareholders" means any Person who owned Finisar common stock
5  as of the date of the execution of this Stipulation and continues to hold their Finisar common stock
6  as of the date of Settlement Hearing, excluding the Individual Defendants.

7       1.4    "Defendants" means, collectively, nominal defendant Finisar and the Individual
8  Defendants.

9       1.5    "Defendants' Counsel" means DLA Piper.

10       1.6    "Effective Date" means the date by which the events and conditions specified in
11  paragraph 6.1 of this Stipulation have been met and have occurred.

12       1.7    "Final" means the date upon which the last of the following shall occur with respect
13  to the Judgment approving this Stipulation, substantially in the form of Exhibit D attached hereto:
14  (1) the expiration of the time to file a notice of appeal from the Judgment; or (2) if an appeal has
15  been filed, the court of appeals has either affirmed the Judgment or dismissed that appeal and the
16  time for any reconsideration or further appellate review has passed; or (3) if a higher court has
17  granted further appellate review, that court has either affirmed the underlying Judgment or affirmed
18  the court of appeal's decision affirming the Judgment or dismissing the appeal.  For purposes of this
19  paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees
20  and expenses or the payment of a service award.  Any proceeding or order, or any appeal or petition
21  for a writ of certiorari pertaining solely to the application for attorneys' fees, costs, or expenses, shall
22  not in any way delay or preclude the Judgment from becoming Final.

23       1.8    "Individual Defendants" means, collectively, Eitan Gertel, Jerry S. Rawls, Kurt
24  Adzema, Roger C. Ferguson, Robert N. Stephens, Thomas E. Pardun, Michael C. Child, and
25  Dominique Trempont.

26       1.9    "Judgment" means the Order and Final Judgment to be rendered by the Court,
27  substantially in the form attached hereto as Exhibit D.

28

- 6 -

1.10    "Notice" means the Notice of Pendency of Proposed Settlement of Shareholder Derivative Action, substantially in the form attached hereto as Exhibit C.

1.11    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.12    "Plaintiff" means James Kenney.

1.13    "Plaintiff's Counsel" means Robbins Arroyo LLP.

1.14    "Finisar" or the "Company" means nominal defendant Finisar Corporation, a Delaware corporation, and its affiliates, subsidiaries, predecessors, successors, and assigns.

1.15    "Related Persons" means: (i) with regard to each Individual Defendant, the Individual Defendants' spouses, marital communities, immediate family members, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or other individual or entity in which any Individual Defendant has a controlling interest, and each and all of their respective past and present officers, directors, employees, agents, affiliates, parents, subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, heirs, executors, personal representatives, estates, administrators, trusts, predecessors, successors, and assigns; and (ii) with regard to Finisar, all past or present agents, officers, directors, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, partners, controlling shareholders, joint venturers, related or affiliated entities, advisors, employees, affiliates, predecessors, successors, parents, subsidiaries, insurers, and assigns for Finisar.

1.16    "Released Claims" means any and all actions, suits, claims, debts, rights, liabilities, and causes of action of every nature, including both known and Unknown Claims (as defined in paragraph 1.31 below), existing directly or derivatively on behalf of Finisar, by Plaintiff or any other shareholder of Finisar that arise out of or relate to: (i) the allegations, rights, duties, and/or causes of action asserted or that could have been asserted in the Action; or (ii) the Settlement, except for any

- 7 -

claims to enforce the Settlement.  Excluded from the term "Released Claims" are all claims alleged in the Securities Class Action.

1.17    "Released Persons" means, collectively, Finisar, the Individual Defendants, and their Related Persons.  "Released Person" means, individually, any of the Released Persons.

1.18    "Releasing Parties" means Plaintiffs, all other Current Finisar Shareholders, Plaintiff's Counsel, and Finisar.  "Releasing Party" means, individually, any of the Releasing Parties.

1.19    "Securities Action" means the consolidated securities class actions captioned as *In re Finisar Corporation Securities Litigation*, No. 5:11-cv-01252-EJD (N.D. Cal.).

1.20    "Settlement" means the settlement and compromise of the Action as provided for herein.

1.21    "Settlement Hearing" means the hearing or hearings at which the Court will review the adequacy, fairness, and reasonableness of the Settlement.

1.22    "Settling Parties" means, collectively, Plaintiff and Defendants.  "Settling Party" means, individually, any of the Settling Parties.

1.23    "State Derivative Action" means the consolidated derivative action captioned as *In re Finisar Corporation Derivative Litigation*, Lead Case No. 1-11-CV-196796, and pending in the Superior Court of the State of California, County of Santa Clara (collectively, with this Action, "Actions").

1.24    "Unknown Claims" means any Released Claim(s) which Plaintiff or Defendants do not know of or suspect to exist in his, her, or its favor at the time of the release of the Released Persons.  With respect to any and all Released Claims, the Settling Parties agree that upon the Effective Date, the Settling Parties expressly waive the provisions, rights and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY

- 8 -

AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the Released Claims, but it is the intention of the Settling Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of this Stipulation of which this release is a part.

**2.     Terms of the Settlement**

2.1     As a result of the filing, prosecution, and settlement of the Action, Finisar shall, within seven days of the Settling Parties executing this Stipulation, adopt resolutions and amend appropriate committee charters, if needed, to ensure adherence to the corporate governance reforms identified in Exhibit A attached hereto (the "Reforms") for a period of no less than 3 years from adoption.  However, if the proposed merger of Finisar and II-VI or any other acquisition of Finisar by a third party acquirer (II-VI or such third party, the "Acquirer") is consummated, such that Finisar becomes a wholly owned subsidiary of Acquirer and ceases to be a publicly traded company (Acquisition), then this Settlement will not preclude Acquirer and/or Finisar from taking any actions necessary and/or advisable for the operation of Finisar's business, including amending or eliminating any of the Reforms.  Finisar acknowledges and agrees that the corporate governance reforms identified in Exhibit A are significant and confer substantial benefits upon Finisar and its shareholders.  Finisar and the Individual Defendants also acknowledge that the prosecution and settlement of the Action was the sole factor in Finisar's agreement to adopt and/or implement the corporate governance reforms set forth in Exhibit A.

- 9 -

3.      **Approval and Notice**

3.1      Promptly after execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its exhibits to the Court and shall jointly apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit B attached hereto, requesting: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the form and manner of providing notice of the Settlement to Current Finisar Shareholders; and (iii) a date for the Settlement Hearing, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.

3.2      Notice to Current Finisar Shareholders shall consist of a Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Notice"), which includes the general terms of the Settlement set forth in this Stipulation and the date of the Settlement Hearing, substantially in the form attached hereto as Exhibit C.

3.3      Finisar shall undertake the administrative responsibility for giving notice to Current Finisar Shareholders and shall be solely responsible for paying the costs and expenses related to providing such notice to its shareholders.   Within ten (10) business days after the entry of the Preliminary Approval Order, Finisar shall cause the Notice to be filed with the SEC along with an SEC Form 8-K or other appropriate filing.  Finisar shall also publish the Stipulation and Notice on an Internet page that Finisar shall create for this purpose, which shall be accessible via a link on the "Investors" page of Finisar's website, the address of which shall be contained in the Notice.  If additional notice is required by the Court, then the cost and administration of such additional notice will be borne by Finisar.  The Settling Parties believe the content and manner of the notice, as set forth in this paragraph, constitutes adequate and reasonable notice to Finisar shareholders pursuant to applicable law and due process.  Prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing and posting the Notice and Stipulation.

3.4      Pending the Court's determination as to final approval of the Settlement, Plaintiff is barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim against any of the Released Persons.

- 10 -

### 4.      Attorneys' Fees and Reimbursement of Expenses

4.1      In recognition of the substantial benefits conferred upon Finisar as a direct result of the prosecution and Settlement of the Action, and subject to Court approval, the Individual Defendants shall cause their insurers to pay Plaintiff's Counsel the agreed-to amount of $190,000 (the "Fee and Expense Amount").  The Fee and Expense Amount shall constitute final and complete payment for Plaintiff's attorneys' fees and expenses that have been incurred or will be incurred in connection with the Action.  The Settling Parties mutually agree that the Fee and Expense Award is fair and reasonable in light of the substantial benefit conferred upon Finisar and Current Finisar Shareholders by the Reforms. The Fee and Expense Amount shall be funded to Plaintiff's Counsel within ten (10) business days of (a) the entry of the Final Approval Order, and (b) the dismissal with prejudice of the Actions (and upon provision by Plaintiff's Counsel of all required funding information and tax identification numbers), notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof.

4.2      The Settling Parties further stipulate that Plaintiff's Counsel may apply to the Court for a service award of up to $2,000 for Plaintiff, only to be paid upon Court approval, and to be paid from Plaintiff's Counsel's Fee and Expense Amount in recognition of Plaintiff's participation and effort in the prosecution of the Action.  The failure of the Court to approve any requested service award, in whole or in part, shall have no effect on the Settlement set forth in this Stipulation. Neither Finisar nor any of the Individual Defendants shall be liable for any portion of any service award.

4.3      In the event that the Judgment fails to become Final as defined in paragraph 1.7 herein, then it shall be the obligation of Plaintiff's Counsel to make appropriate refunds or repayments to the Defendants' insurers of any attorneys' fees and expenses previously paid within ten business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction.

- 11 -

**5.      Releases**

5.1      Upon the Effective Date, the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation.

5.2      Upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation.

**6.      Conditions of Settlement; Effect of Disapproval, Cancellation, or Termination**

6.1      The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

a.      Board approval of the Settlement, which Finisar's Counsel represents has already been accomplished;

b.      Court entry of the Preliminary Approval Order;

c.      Court approval of the method of providing notice of the proposed Settlement to Current Finisar Shareholders, as set forth in paragraphs 3.2 and 3.3, and a hearing as required by Rule 23.1 of the Federal Rules of Civil Procedure;

d.      final approval of the Settlement by the Court following notice to Current Finisar Shareholders and the Settlement Hearing contemplated by the Stipulation;

e.      Court entry of the Judgment, in all material respects in the form set forth as Exhibit D annexed hereto, approving the Settlement and dismissing the Action with prejudice, without awarding costs to any party, except as provided herein; and

- 12 -

f.       the payment of the Fee and Expense Award in accordance with Section V.4 hereof and the passing of the date upon which the Judgment becomes Final.

6.2     If any of the conditions specified above in paragraph 6.1 are not met, then this Stipulation shall be canceled and terminated subject to paragraph 6.3, unless counsel for the Settling Parties mutually agree in writing to proceed with this Stipulation.

6.3     If for any reason the Effective Date of this Stipulation does not occur, or if this Stipulation is in any way canceled, terminated or fails to become Final in accordance with its terms: (a) all Settling Parties and Released Persons shall be restored to their respective positions in the Action as of February 14, 2019; (b) all releases delivered in connection with this Stipulation shall be null and void, except as otherwise provided for in this Stipulation; (c) the Fee and Expense Amount paid to Plaintiff's Counsel shall be refunded and returned within thirty (30) calendar days; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose.

**7.       Acquisition**

7.1     In the event the proposed Acquisition becomes effective, the Settling Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation and Court approval of the Settlement in a timely and expeditious manner.

**8.       Miscellaneous Provisions**

8.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to act in good faith and cooperate to take all reasonable and necessary steps to expeditiously implement the terms and conditions of this Stipulation.

STIPULATION OF SETTLEMENT
CASE NO. C-12-02268-EJD

8.2     In the event that any part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

8.3     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement comprises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation, or defense.  The Settling Parties and their respective counsel agree that at all times during the course of the litigation, each has complied with the requirements of the applicable laws and rules of the Court, including, without limitation, Rule 11 of the Federal Rules of Civil Procedure, and section 128.7 of the California Code of Civil Procedure.

8.4     Each of the Individual Defendants expressly denies and continues to deny all allegations of wrongdoing or liability against himself or herself arising out of any conduct, statements, acts, or omissions alleged, or which could have been alleged, in the Action.  The existence of the provisions contained in this Stipulation shall not be deemed to prejudice in any way the respective positions of the Settling Parties with respect to the Action, shall not be deemed a presumption, a concession, or admission by any of the Settling Parties of any fault, liability, or wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Action or with respect to any of the claims settled in the Action, or any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, except for any litigation or judicial proceeding arising out of or relating to this Stipulation or the Settlement whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

8.5     This Stipulation may be modified or amended only by a writing signed by the signatories hereto.

8.6     This Stipulation shall be deemed drafted equally by all Settling Parties.

8.7     No representations, warranties, or inducements have been made to any of the Settling Parties concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.8     Each counsel or other Person executing this Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so.

8.9     The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.10    This Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties with respect to the subject matter hereof and supersede all prior and contemporaneous oral and written agreements and discussions.

8.11    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

8.12    This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or e-mailed PDF files.  Each counterpart, when so executed, shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

8.13    This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

8.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and the Settling Parties and their counsel submit to the jurisdiction of the Court solely for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

///

///

///

- 15 -

1     IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed by

2  their duly authorized attorneys.

3

4  Dated: *February 14*, 2019

5                                                    ROBBINS ARROYO LLP
                                                    BRIAN J. ROBBINS
6                                                    KEVIN A. SEELY
                                                    ASHLEY R. RIFKIN
7                                                    STEVEN M. MCKANY

8

9                                                    ASHLEY R. RIFKIN

10                                                   5040 Shoreham Place
                                                    San Diego, CA 92122
11                                                   Telephone: (619) 525-3990
                                                    Facsimile: (619) 525-3991
12                                                   brobbins@robbinsarroyo.com
                                                    kseely@robbinsarroyo.com
13                                                   arifkin@robbinsarroyo.com
                                                    smckany@robbinsarroyo.com
14

15                                                   *Attorneys for Plaintiff James Kenney*

16  Dated: *February 14* 2019

17                                                   DLA PIPER
                                                    SHIRLI FABBRI WEISS
18                                                   DAVID PRIEBE

19

20                                                   SHIRLI FABBRI WEISS

21                                                   401 B Street, Suite 1700
                                                    San Diego, CA 92101
22                                                   Telephone: (619) 699-2700
                                                    Facsimile:  (619) 699-2701
23                                                   david.priebe@dlapiper.com
                                                    shirli.weiss@dlapiper.com
24

25                                                   *Attorneys for Defendants*

26

27  Stip of Sett.docx1331713_6

28
                                                  - 16 -

STIPULATION OF SETTLEMENT
CASE NO. C-12-02268-EJD

# EXHIBIT A

**CORPORATE GOVERNANCE TERM SHEET**
*Kenney v. Gertel, et al.*, Case No. 12-cv-02268 (N.D. Cal.)

### A. Board of Directors Maintenance or Enhancements of Certain Practices

1. <u>Board Independence</u>:   The Company[1] shall require that 75% of the Board of Directors ("Board") shall be "independent directors," as defined in Section A.2 below.  In the event the Board is not in compliance with this requirement, it will take steps to return to compliance within 120 days.  Each independent director shall confirm his or her status as an independent director annually and shall promptly inform the Board or Nominating and Governance Committee of any change in his or her status that would disqualify him or her as an independent director.

2. <u>Director Independence Standard</u>:

   a) In addition to the Sarbanes-Oxley Act requirements, to be deemed "independent" for purposes of the director independence requirements, a director shall not:

      i. Have been employed by the Company or its subsidiaries for more than one year within the last three calendar years;

      ii. During the current calendar year or any of the three immediately preceding calendar years, have any business relationship with the Company for which the Company has been required to make disclosure under Item 404 Regulation S-K, other than for service as a director or for which relationship no more than de minimis remuneration (as defined below) was received in any one such year; provided, however, that the need to disclose any relationship that existed prior to a director joining the Board shall not in and of itself render the director non-independent;

      iii. Have any of the relationships described in subsections (i)-(ii) above with any parent, subsidiary, and/or "affiliate" of the Company as determined pursuant to applicable U.S. Securities and Exchange Commission ("SEC") guidance; nor

      iv. Be a member of the immediate family of any person described in subsections (i)-(ii) above.

   b) A director is deemed to have received remuneration (other than remuneration as a director, including without limitation remuneration provided to a nonexecutive Board or committee Chair or other member of a committee), directly or indirectly, if remuneration, other than de minimis remuneration, was paid by the Company, its parent, subsidiaries, or affiliates to any entity in which the director has a beneficial ownership interest of five percent (5%) or more, or to an entity

---

[1] Capitalized terms not otherwise defined shall have the same meanings and/or definitions as set forth in the Stipulation of Settlement, dated February 14, 2019.

by which the director is employed other than as a director. Remuneration is deemed de minimis remuneration if such remuneration is $120,000 or less in any calendar year, or, if such remuneration is paid to an entity, if it: (i) is less than or equal to $1 million in any calendar year, or one percent (1%) of the gross revenues of the entity in any calendar year, whichever amount is less; and (ii) did not directly result in a material increase in the compensation received by the director from that entity.

3.  <u>Meetings in Executive Session</u>:  The Corporate Governance Guidelines reflect that the independent directors meet "periodically" in executive session, which shall be held "not less than twice" a year.  These guidelines shall be enhanced to require the independent directors to meet in executive session at each regularly scheduled meeting of the Board, with a minimum requirement of holding an executive session at least quarterly.

4.  <u>Director Orientation and Continuing Education</u>:  The Company shall adopt a formal continuing education program that requires, at a minimum, the following:

    a)  Each independent director shall, at least every three years, attend at least one day long training course provided by a nationally recognized corporate director education provider.

    b)  The Company's Chief Executive Officer ("CEO") shall annually select a topic they believe to be of particular importance to the Company and the Board.  The CEO will present on this topic, or arrange for a person knowledgeable regarding the subject to present on this topic, to the entire Board, whether at a regularly scheduled Board meeting or an additionally scheduled meeting.

    c)  Finisar's director orientation program developed by the Nominating and Governance Committee shall be enhanced to also require training on director fiduciary duties.

5.  <u>Mandatory Attendance at Annual Meetings</u>:  The Company's current policy of encouraging directors to attend the annual meeting should be enhanced as follows:  Absent extraordinary circumstances, each member of the Board shall attend each annual stockholder meeting and, either during or after the closing of the annual stockholder meeting, stockholders shall have the right to ask questions orally or in writing, and to receive answers and discussion where appropriate from the CEO and members of the Board.  Such discussion shall take place regardless of whether those questions have been submitted in advance.

6.  <u>Limits on Outside Directorships</u>:   The Company's Corporate Governance Guidelines suggest that "[g]enerally, directors should not serve simultaneously on more than five public company boards."  This suggested limit should be enhanced as follows:

    a)  Finisar shall require directors to seek approval from the Board in advance of accepting any invitation to serve on the board of directors of another public company.

2

   b)  Directors shall not serve on more than four (4) public companies' boards of
       directors.

7.  <u>Lead Independent Director</u>:    In the event that during the time period of these
    protocols, Finisar does not have an independent Chairman, then Finisar shall have a
    Lead Independent Director whose duties shall be enhanced as follows:

    a)  Work with the Chairman to define the scope, quality, quantity and timeliness of
        the flow of information between Company management and the Board that is
        necessary for the Board to effectively and responsibly perform their duties.

    b)  Work with the Chairman to advise the independent Board committee chairs in
        fulfilling their designated roles and responsibilities to the Board.

    c)  Interview, along with the Chairman and chair of the nominating committee (if
        different from the Lead Independent Director), all Board candidates, and make
        recommendations to the nominating committee and the Board.

    d)  Act as principal liaison between the independent directors and the CEO on
        sensitive issues.

    e)  Be available for communication with shareholders.

**B.  Reporting to the Board and Acquirer (If Acquisition Is Consummated)**

   1.  <u>Quarterly Reporting to the Board</u>:    Management shall provide timely, written
       presentations to the Board, on at least a quarterly basis, regarding: (i) consumer
       demand and/or sales forecasts (and any known related material inventory issues) for
       the Company's core products; (ii) external factors that may materially impact the
       price of the Company's core products; (iii) the introduction of the Company's new
       products; and (iv) material performance and/or production defects concerning the
       Company's core products, including remediation efforts to resolve any performance
       and/or production defects.  Such quarterly presentations shall include information
       regarding prior quarter trends and any outstanding issues from prior quarters.

   2.  <u>Reporting to Acquirer</u>:  If the Acquisition is consummated, Finisar management
       and/or the Board shall meet with management of Acquirer to develop appropriate
       policies and procedures to ensure timely reporting to Acquirer regarding:  (i)
       consumer demand and/or sales forecasts (and any known related material inventory
       issues) for the Company's core products; (ii) external factors that may materially
       impact the price of the Company's core products; (iii) the introduction of the
       Company's new products; and (iv) material performance and/or production defects
       concerning the Company's core products, including remediation efforts to resolve
       any performance and/or production defects.

**C.  Compliance Officer – Enhanced Duties**

 The Compliance Officer shall be identified with the following duties and responsibilities:

   1.  <u>Role</u>: The duties of the Compliance Officer include, but are not limited to, oversight
       and administration of Finisar's corporate governance policies (including the Code of
       Ethics), fostering a culture that integrates compliance and ethics into business

processes and practices through awareness and training, maintaining and monitoring a system for accurate public and internal disclosures and reporting, and investigating potential compliance and ethical concerns.

2. <u>General Responsibilities:</u>

   a) The Compliance Officer shall be primarily responsible for managing Finisar's ethics and compliance program and for assisting the Board in fulfilling its oversight duties with regard to Finisar's compliance with applicable laws, regulations and accounting standards, and the dissemination of true and accurate information;

   b) The Compliance Officer shall evaluate and define the goals of Finisar's ethics and compliance program, while keeping in mind trends and changes in laws which may affect Finisar's compliance;

   c) The Compliance Officer shall manage and oversee Finisar's ethics and compliance program, implementing procedures for monitoring and evaluating the program's performance, and communicating with and informing the entire Board regarding progress toward meeting program goals;

   d) The Compliance Officer shall review and approve procedures for the receipt, retention, and treatment of complaints received by the Company regarding compliance and ethical concerns, and for the confidential, anonymous submission by employees of such concerns;

   e) The Compliance Officer shall perform an independent review of Finisar's draft quarterly and annual reports filed with the SEC on Forms 10-Q and 10-K, respectively, and related materials prior to their publication to ensure: (i) the accuracy, completeness and timeliness of disclosures relating to risk exposure; (ii) the identification and disclosure of any material risks to Finisar's compliance with applicable laws and regulations; and (iii) accurate reporting of any material issues that may merit disclosure;

   f) The Compliance Officer shall work with the Audit Committee to review and approve Finisar's press releases and related materials prior to their publication to ensure the accuracy, completeness, and timeliness of disclosures relating to accounting matters, and any material risks to Finisar's compliance with applicable laws and regulations; and

   g) The Compliance Officer shall oversee employee training in ethics and compliance.

3. <u>Reporting</u>: The Compliance Officer shall be or report directly to the General Counsel, and shall work with Board committees as necessary to facilitate the Board's oversight responsibilities. The Compliance Officer shall also meet in Executive session with the Audit Committee quarterly. The Compliance Officer shall timely report any allegations of compliance and/or ethical concerns.

**D. Audit Committee**

1. <u>Audit Committee Executive Sessions</u>:   The Audit Committee shall meet in executive sessions for at least a portion of each regular meeting of the Audit Committee.

2. <u>Reports from Compliance Officer</u>:  The Audit Committee shall meet in executive session with the Compliance Officer quarterly.

3. <u>Review of Proposed  Public Disclosures</u>:  Management shall provide for review and comment to the Audit Committee all proposed material finance-related public communications, including, but not limited to, periodic filings with the SEC, press releases, earnings releases, and draft prepared remarks for investor/analyst conference calls, prior to public release.  For this purpose, technical and marketing material relating to Finisar's products shall be excluded.

4. <u>Financial Reporting Practices</u>:   The Audit Committee shall review with management and any outside professionals as the Audit Committee considers appropriate, important trends and developments in financial reporting practices and requirements and their effect on the Company's financial statements.

**E. Tone at the Top:**   At least once a year, during an executive session without management present, the Board's independent directors shall discuss the Company's "tone at the top" and whether the Company has established a culture of integrity.

# EXHIBIT B

1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (190264)
2  brobbins@robbinsarroyo.com
   KEVIN A. SEELY (199982)
3  kseely@robbinsarroyo.com
   ASHLEY R. RIFKIN (246602)
4  arifkin@robbinsarroyo.com
   STEVEN M. McKANY (SBN 271405)
5  smckany@robbinsarroyo.com
   5040 Shoreham Place
6  San Diego, CA 92122
   Telephone: (619) 525-3990
7  Facsimile: (619) 525-3991

8  Attorneys for Plaintiff

9              UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13  JAMES KENNEY, Derivatively on Behalf of        Case No. C-12-02268-EJD
    FINISAR CORPORATION,
14                                                 [PROPOSED] PRELIMINARY
                    Plaintiff,                     APPROVAL ORDER
15
          v.                                       EXHIBIT B
16
    EITAN GERTEL, JERRY S. RAWLS,
17  KURT ADZEMA, ROGER C. FERGUSON,
    ROBERT N. STEPHENS, THOMAS E.
18  PARDUN, MICHAEL C. CHILD, and
    DOMINIQUE TREMPONT,                            Judge:  Hon. Edward J. Davila
19
                    Defendants,
20        -and-

21  FINISAR CORPORATION, a Delaware
    corporation,
22
                    Nominal Defendant.
23

24

25

26

27

28

This matter came before the Court for a hearing on _____, 2019.  Plaintiff has made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of shareholder derivative claims, in accordance with the Stipulation of Settlement dated February 14, 2019 (the "Stipulation"); and (ii) approving the form and manner of the Notice of the Settlement.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed Settlement and dismissal of the above-captioned action (the "Action");

WHEREAS, the Court having: (i) read and considered Plaintiff's Unopposed Motion for Preliminary Approval of Shareholder Derivative Settlement and Memorandum of Points and Authorities in Support Thereof; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Finisar and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Finisar shareholders should be apprised of the Settlement through the proposed form of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

- 1 -

2.     This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3.     A hearing shall be held on _____, 2019, at ____ _.m., before the Honorable Edward J. Davila, at the U.S. District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Courtroom 4, San Jose, CA, 95113 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount and service award should be approved; and (v) such other matters as the Court may deem appropriate.

4.     The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5.     Within ten (10) business days after the entry of this Preliminary Approval Order, Finisar shall cause the Notice to be filed with the SEC along with an SEC Form 8-K or other appropriate filing, and Finisar shall also publish the Stipulation and Notice on an internet page that Finisar shall create for this purpose, which shall be accessible via a link on the "Investors" page of Finisar's website, the address of which shall be contained in the Notice.

6.     All costs incurred in the filing and publication of the Notice shall be paid by Finisar, and Finisar shall undertake all administrative responsibility for the filing and publication of the Notice.

7.     At least fourteen (14) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing,

1  publishing, and posting the Notice as provided for in paragraph 5 of this Preliminary Approval

2  Order.

3         8.      All Current Finisar Shareholders shall be subject to and bound by the provisions of

4  the Stipulation and the releases contained therein, and by all orders, determinations, and judgments

5  in the Action concerning the Settlement, whether favorable or unfavorable to Current Finisar

6  Shareholders.

7         9.      Any shareholder of Finisar common stock may appear and show cause, if he, she, or

8  it has any reason why the Settlement embodied in the Stipulation should not be approved as fair,

9  reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and

10  Expense Amount or service award should not be awarded.  However, no Finisar shareholder shall be

11  heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to

12  be entered hereon, unless that Finisar shareholder has caused to be filed, and served on counsel as

13  noted below, written objections stating all supporting bases and reasons for the objection, and setting

14  forth proof of current ownership of Finisar stock and ownership of Finisar stock as of February 14,

15  2019, as well as documentary evidence of when such stock ownership was acquired.

16        10.     At least fourteen (14) calendar days prior to the Settlement Hearing set for

17  _____, 2019, any such person must file the written objection(s) and corresponding

18  materials with the Clerk of the Court, U.S. District Court for the Northern District of California, San

19  Jose Division, 280 South 1st Street, 2nd Floor, San Jose, CA, 95113, and serve such materials by

20  that date, to each of the following Settling Parties' counsel:

21         *Counsel for Plaintiff:*              *Counsel for Defendants:*

22         Ashley R. Rifkin                      Shirli Weiss
           ROBBINS ARROYO LLP                    DLA PIPER LLP
23         5040 Shoreham Place                   401 B. Street, Suite 1700
           San Diego, CA 92122                   San Diego, CA 92101
24

25        11.     Only shareholders who have filed with the Court and sent to the Settling Parties'

26  counsel valid and timely written notices of objection will be entitled to be heard at the Settlement

27  Hearing unless the Court orders otherwise.

28
                                              - 3 -

12.     Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and service award, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

13.     Plaintiff shall file his motion for final approval of the Settlement at least twenty-one (21) calendar days prior to the Settlement Hearing.  If there is any objection to the Settlement, Plaintiff shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

14.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of this Stipulation.

15.     This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Finisar's shareholders.

16.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

///

///

///

///

///

///

- 4 -

17.     The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Finisar shareholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time or by oral announcement at the hearing or at any adjournment thereof, without further notice to Finisar shareholders.

**IT IS SO ORDERED.**

DATED:

_____
HONORABLE EDWARD J. DAVILA
U.S. DISTRICT JUDGE

1334099

- 5 -

# EXHIBIT C

1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (190264)
2  brobbins@robbinsarroyo.com
   KEVIN A. SEELY (199982)
3  kseely@robbinsarroyo.com
   ASHLEY R. RIFKIN (246602)
4  arifkin@robbinsarroyo.com
   STEVEN M. MCKANY (SBN 271405)
5  smckany@robbinsarroyo.com
   5040 Shoreham Place
6  San Diego, CA 92122
   Telephone: (619) 525-3990
7  Facsimile: (619) 525-3991

8  Attorneys for Plaintiff

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13  JAMES KENNEY, Derivatively on Behalf of    Case No. C-12-02268-EJD
    FINISAR CORPORATION,
14                                             NOTICE OF PENDENCY AND
                    Plaintiff,                 PROPOSED SETTLEMENT OF
15                                             SHAREHOLDER DERIVATIVE
          v.                                   ACTION
16
    EITAN GERTEL, JERRY S. RAWLS,              EXHIBIT C
17  KURT ADZEMA, ROGER C. FERGUSON,
    ROBERT N. STEPHENS, THOMAS E.
18  PARDUN, MICHAEL C. CHILD, and
    DOMINIQUE TREMPONT,
19
                    Defendants,                Judge:  Hon. Edward J. Davila
20        -and-

21  FINISAR CORPORATION, a Delaware
    corporation,
22
                    Nominal Defendant.
23

24

25

26

27

28

**TO:    ALL OWNERS OF THE COMMON STOCK OF FINISAR CORPORATION ("FINISAR" OR THE "COMPANY") CURRENTLY AND AS OF FEBRUARY 14, 2019 ("CURRENT FINISAR SHAREHOLDERS"):**

**THIS NOTICE RELATES TO THE PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE LITIGATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   IF YOU ARE A FINISAR SHAREHOLDER, THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

**YOU ARE HEREBY NOTIFIED**, pursuant to an Order of the U.S. District Court for the Northern District of California (the "Court"), that a proposed settlement has been reached by the parties to the following shareholder derivative action brought on behalf and for the benefit of Finisar: *Kenney v. Gertel, et al.*, Case No. 12-cv-02268.[1]

As explained below, a hearing will be held on _____, 2019 at _____ _.m., before the Honorable Edward J. Davila, at the U.S. District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Courtroom 4, San Jose, CA, 95113 (the "Settlement Hearing"), at which the Court will determine whether to approve the Settlement.  You have an opportunity to be heard at this hearing.

The terms of the settlement are set forth in the Stipulation and summarized in this Notice.  If approved by the Court, the Settlement will fully resolve the Action, including the dismissal of the Action with prejudice.  For a more detailed statement of the matters involved in the Action, the Settlement, and the terms discussed in this Notice, the Stipulation may be inspected at the Clerk of Court's office, U.S. District Court for the Northern District of California, San Jose Division, 280 South 1st Street, 2nd Floor, San Jose, CA, 95113.  The Stipulation is also available for viewing on Finisar's website at www._____.com.  For a fee, all papers filed in the Action are available at www.pacer.gov.

---

[1] All capitalized terms herein have the same meanings as set forth in the Settling Parties' Stipulation of Settlement, dated February 14, 2019 (the "Stipulation"), which is available for viewing on Finisar's website at www._____.com.

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION
CASE NO. C-12-02268-EJD

This Notice is not intended to be an expression of any opinion by the Court with respect to the merits of the claims made in the Action, but is merely to advise you of the pendency and settlement of the Action.

**THERE IS NO CLAIMS PROCEDURE.**  This case was brought to protect the interests of Finisar.  The Settlement will result in changes to the Company's corporate governance, not in payment to individuals, and, accordingly, there will be no claims procedure.

**I.      THE ACTION**

On May 4, 2012, Plaintiff filed this shareholder derivative action on behalf of and for the benefit of Finisar and against the Individual Defendants.  Plaintiff alleges, among other things, that Defendants made and/or knowingly permitted alleged misstatements that denied concerns regarding potential inventory oversupply.

The procedural history of this Action and the Settling Parties' settlement negotiations are set forth in the Stipulation.

**II.     PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT**

Plaintiff believes that the Action has substantial merit, and Plaintiff's entry into the Settlement is not intended to be and shall not be construed as an admission or concession concerning the relative strength or merit of the claims alleged in the Action.  However, Plaintiff and Plaintiff's Counsel recognize and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Individual Defendants through trial and possible appeals.  Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiff's Counsel are also mindful of the inherent problems of establishing standing in derivative litigation, and the possible defenses to the claims alleged in the Action.

Plaintiff's Counsel have conducted extensive investigation and analysis, including, *inter alia*: (i) reviewing Finisar's press releases, public statements, U.S. Securities and Exchange Commission ("SEC") filings, and securities analysts' reports and advisories about the Company; (ii) reviewing

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION
CASE NO. C-12-02268-EJD

1  related media reports about the Company; (iii) researching applicable law with respect to the claims

2  alleged in the Action and potential defenses thereto; (iv) preparing and filing derivative complaints;

3  (v) conducting damages analyses; (vi) reviewing and analyzing relevant documents in the Securities

4  Action and evaluating the merits of, and the defendants' potential liability in connection with, the

5  Securities Action; (vii) briefing and arguing the Defendants' Motion to Dismiss; and (viii)

6  negotiating this Settlement with Defendants, including researching corporate governance best

7  practices and negotiating the Reforms. Based on Plaintiff's Counsel's thorough review and analysis

8  of the relevant facts, allegations, defenses, and controlling legal principles, Plaintiff's Counsel

9  believe that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers

10 substantial benefits upon Finisar. Based upon Plaintiff's Counsel's evaluation, Plaintiff has

11 determined that the Settlement is in the best interests of Finisar and has agreed to settle the Action

12 upon the terms and subject to the conditions set forth in the Stipulation.

13 **III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

14     Defendants have denied and continue to deny each and all of the claims and contentions

15 alleged by Plaintiff in the Action. The Individual Defendants have expressly denied and continue to

16 deny all charges of wrongdoing or liability against them arising out of any of the conduct,

17 statements, acts, or omissions alleged, or that could have been alleged in the Action.

18     Nonetheless, Defendants have concluded that it is desirable for the Action to be fully and

19 finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

20 Defendants have also taken into account the uncertainty and risks inherent in any litigation,

21 especially in complex cases like the Action. Defendants have, therefore, determined that it is in the

22 best interests of Finisar for the Action to be settled in the manner and upon the terms and conditions

23 set forth in the Stipulation.

24 **IV.   TERMS OF THE SETTLEMENT**

25     The terms and conditions of the proposed Settlement are set forth in the Stipulation, which

26 has been filed with the Court and is available for viewing on Finisar's website at

27 www._____.com. The following is only a summary of its terms.

28
---
- 3 -

Finisar, acting through its independent, non-defendant directors, reviewed the allegations and the Settlement terms, and, in a good faith exercise of business judgment, determined the Settlement and each of its terms, as set forth in the Stipulation, to be in the best interests of Finisar.

As consideration for the Settlement, Finisar has agreed to adopt resolutions and amend appropriate committee charters, if needed, to ensure adherence to the corporate governance reforms set forth in Exhibit A to the Stipulation (the "Reforms") for a period of no less than 3 years from adoption.  However, if the proposed merger of Finisar and II-VI Incorporated ("II-VI") or any other acquisition of Finisar by a third party acquirer (II-VI or such third party, the "Acquirer") is consummated, such that Finisar becomes a wholly owned subsidiary of Acquirer and ceases to be a publicly traded company ("Acquisition"), then this Settlement will not preclude Acquirer and/or Finisar from taking any actions necessary and/or advisable for the operation of Finisar's business, including amending or eliminating any of the Reforms.

Finisar acknowledges and agrees that the corporate governance reforms identified in Exhibit A to the Stipulation are significant and confer substantial benefits upon Finisar and its shareholders. Finisar and the Individual Defendants also acknowledge that the prosecution and settlement of the Action was the sole factor in Finisar's agreement to adopt and/or implement the corporate governance reforms set forth in Exhibit A to the Stipulation.

The Reforms are specifically designed to address the alleged wrongdoing by improving the overall independence, competence, and effectiveness of the Board, including requiring regular reporting to the Board (and to any Acquirer if the Acquisition is consummated) regarding material issues impacting the Company's core products.  The Reforms provide for, among other things:

- Enhanced board independence requiring three-fourths of the members of the Board satisfy a list of heightened independence requirements beyond those set forth in the NASDAQ listing standards and the Sarbanes-Oxley Act;

- Formal continuing education program for directors that requires an annual presentation focused on a topic of particular importance to the Company, specific training on

- 4 -

director fiduciary duties, as well as a training course provided by a nationally recognized corporate director education provider at least every three years;

- Requirement that the independent directors meet in executive session at least quarterly and at each regularly scheduled meeting of the Board;

- Requirement that, if Finisar does not have an independent Chairman, then Finisar shall have a Lead Independent Director with enhanced duties;

- Requirement that management provide timely, written presentations to the Board, on at least a quarterly basis, regarding: (i) consumer demand and/or sales forecasts (and any known related material inventory issues) for the Company's core products; (ii) external factors that may materially impact the price of the Company's core products; (iii) the introduction of the Company's new products; and (iv) material performance and/or production defects concerning the Company's core products, including remediation efforts to resolve any performance and/or production defects;

- Requirement that, if the Acquisition is consummated, Finisar management and/or the Board shall meet with management of Acquirer to develop appropriate policies and procedures to ensure timely reporting to Acquirer regarding:  (i) consumer demand and/or sales forecasts (and any known related material inventory issues) for the Company's core products; (ii) external factors that may materially impact the price of the Company's core products; (iii) the introduction of the Company's new products; and (iv) material performance and/or production defects concerning the Company's core products, including remediation efforts to resolve any performance and/or production defects;

- Requirement that the Company identify a Compliance Officer with specific enhanced duties that include evaluating and managing Finisar's ethics and compliance program and assisting the Board in fulfilling its oversight duties with regard to Finisar's compliance with applicable laws, regulations and accounting standards, and the dissemination of true and accurate information, including working with the Audit Committee to review and approve Finisar's press releases and related materials prior to their publication to ensure the accuracy, completeness, and timeliness of disclosures;

1    • Requirement that the Audit Committee meet in executive session with the

2    Compliance Officer at least quarterly; and

3    • Requirement that management provide the Audit Committee for review and comment

4    material finance-related public communications, including, but not limited to, periodic filings with

5    the SEC, press releases, earnings releases, and draft prepared remarks for investor/analyst

6    conference calls, prior to public release.

7    This Notice provides a summary of some, but not all, of the Reforms that Finisar has agreed

8    to adopt as consideration for the Settlement.  For a list of all of the Reforms, please see Exhibit A to

9    the Stipulation, which is available for viewing from the Court or on Finisar's website at

10   www._____.com.

11   **V.     DISMISSAL AND RELEASES**

12   The Settlement is conditioned upon the occurrence of certain events, which include, among

13   other things: (i) final approval of the Settlement by the Court following notice to Current Finisar

14   Shareholders and the Settlement Hearing contemplated by the Stipulation; and (ii) Court entry of the

15   Judgment, approving the Settlement and dismissing the Action with prejudice, without awarding

16   costs to any party, except as provided in the Stipulation (the "Effective Date").

17   Upon the Effective Date, the Releasing Persons shall be deemed to have fully, finally, and

18   forever released, relinquished, and discharged the Released Claims (including Unknown Claims)

19   against the Released Persons and any and all derivative claims arising out of, relating to, or in

20   connection with the defense, settlement, or resolution of the Action against the Released Persons.

21   Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms

22   of the Stipulation.

23   Except as set forth in paragraph 6.3 of the Stipulation, upon the Effective Date, each of the

24   Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged

25   Plaintiff and Plaintiff's Counsel from all claims (including claims related to Unknown Claims),

26   arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or

27

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION
CASE NO. C-12-02268-EJD

1  resolution of the Action or the Released Claims.  Nothing herein shall in any way impair or restrict

2  the rights of any Settling Party to enforce the terms of the Stipulation.

3  **VI.    PLAINTIFF'S ATTORNEYS' FEES AND EXPENSES**

4         After negotiating the substantive terms of the Settlement, the Settling Parties discussed a fair

5  and reasonable sum to be paid to Plaintiff's Counsel for their attorneys' fees and expenses.  The

6  Settling Parties engaged mediator Robert A. Meyer (the "Mediator"), who assisted the parties in

7  reaching an agreed-upon amount of attorneys' fees and expenses to be paid to Plaintiff's Counsel.  In

8  recognition of the substantial benefits conferred upon Finisar as a direct result of the prosecution and

9  Settlement of the Action, and subject to Court approval, the Individual Defendants shall cause their

10 insurers to pay Plaintiff's Counsel the agreed-to amount of $190,000 (the "Fee and Expense

11 Amount").  To date, Plaintiff's Counsel have neither received any payment for their services in

12 conducting the Action, nor have counsel been reimbursed for their out-of-pocket expenses incurred.

13 The Settling Parties believe that the sum agreed to is within the range of attorneys' fees and expenses

14 approved by courts under similar circumstances in litigation of this type.  Finisar's shareholders are

15 not personally liable for the payment of any award of attorneys' fees and expenses.

16         Plaintiff's Counsel may apply to the Court for a service award of up to $2,000 for Plaintiff,

17 only to be paid upon Court approval, and to be paid from the Fee and Expense Amount in

18 recognition of Plaintiff's participation and effort in the prosecution of the Action.  Neither Finisar

19 nor any of the Individual Defendants shall be liable for any portion of any service awards.

20 **VII.   THE SETTLEMENT HEARING**

21        The Settlement Hearing will be held before the Honorable Edward J. Davila, at the U.S.

22 District Court for the Northern District of California, San Jose Division, 280 South 1st Street,

23 Courtroom 4, San Jose, CA, 95113 (the "Settlement Hearing"), at which the Court will determine:

24 (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate;

25 (ii) whether the Notice fully satisfied the requirements of Rule 23.1 of the Federal Rule of Civil

26 Procedure and the requirements of due process; (iii)  whether all Released Claims against the

27 Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense

28

- 7 -

1  Amount and service award should be approved; and (v) such other matters as the Court may deem

2  appropriate.  The Settlement Hearing may be continued by the Court at the Settlement Hearing, or at

3  any adjourned session thereof without further notice.

4  **VIII.   THE RIGHT TO OBJECT AND/OR BE HEARD AT THE HEARING**

5        Any Current Finisar Shareholder may object and/or appear and show cause, if he, she, or it

6  has any concern, why the Settlement should not be approved as fair, reasonable, and adequate, or

7  why the Judgment should not be entered thereon, or why the amount of attorneys' fees and

8  reimbursement of expenses and service award should not be approved.  However, unless otherwise

9  ordered by the Court, you shall only be heard or entitled to contest the approval of the terms and

10 conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the

11 same, or the amount of attorneys' fees and reimbursement of expenses to Plaintiff's Counsel and

12 service award to Plaintiff, unless you have, ***at least fourteen (14) calendar days prior to the***

13 ***Settlement Hearing***, filed with the Court a written notice of objection containing the following

14 information:

15       1.     Your name, legal address, and telephone number;

16       2.     The case name and number (*Kenney v. Gertel, et al.*, Case No. 12-cv-02268);

17       3.     Proof of being a Finisar shareholder currently and as of February __, 2019;

18       4.     The date(s) you acquired your Finisar shares;

19       5.     A statement of each objection being made;

20       6.     Notice of whether you intend to appear at the Settlement Hearing (you are not

21 required to appear); and

22       7.     Copies of any papers you intend to submit to the Court, along with the names of any

23 witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their

24 testimony.

25       If you wish to object to the proposed Settlement, you must file the written objection

26 described above with the Court on or before _____, 2019.  All written objections and supporting

27 papers must be filed with the Clerk of the Court, U.S. District Court for the Northern District of

28

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION
CASE NO. C-12-02268-EJD

California, San Jose Division, 280 South 1st Street, 2nd Floor, San Jose, CA, 95113, and serve such materials by that date, to each of the following Settling Parties' counsel:

|  |  |
|---|---|
| *Counsel for Plaintiff:* | *Counsel for Defendants:* |
| Ashley R. Rifkin | Shirli Weiss |
| ROBBINS ARROYO LLP | DLA PIPER LLP |
| 5040 Shoreham Place | 401 B. Street, Suite 1700 |
| San Diego, CA 92122 | San Diego, CA 92101 |

YOUR WRITTEN OBJECTIONS MUST BE POSTMARKED OR ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____, 2019. Only shareholders who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

Unless otherwise ordered by the Court, any Current Finisar Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be barred and foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, or to otherwise be heard, and shall otherwise be bound by the Judgment to be entered and the releases to be given.

IX. EXAMINATION OF PAPERS AND INQUIRIES

There is additional information concerning the Settlement available in the Stipulation, which is available for viewing on Finisar's website at www._____.com. You may also inspect the Stipulation during business hours at the office of the Clerk of the Court, U.S. District Court for the Northern District of California, San Jose Division, 280 South 1st Street, 2nd Floor, San Jose, CA, 95113. Or you can contact Robbins Arroyo LLP, 5040 Shoreham Place, San Diego, CA, 92122, telephone: (619) 525-3990, for additional information concerning the settlement.

**PLEASE DO NOT CONTACT THE COURT OR FINISAR REGARDING THIS NOTICE.**

DATED:

BY ORDER OF THE COURT UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA

1334103

- 9 -

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION
CASE NO. C-12-02268-EJD

EXHIBIT D

1  ROBBINS ARROYO LLP
   BRIAN J. ROBBINS (190264)
2  brobbins@robbinsarroyo.com
   KEVIN A. SEELY (199982)
3  kseely@robbinsarroyo.com
   ASHLEY R. RIFKIN (246602)
4  arifkin@robbinsarroyo.com
   STEVEN M. McKANY (SBN 271405)
5  smckany@robbinsarroyo.com
   5040 Shoreham Place
6  San Diego, CA 92122
   Telephone: (619) 525-3990
7  Facsimile: (619) 525-3991

8  Attorneys for Plaintiff

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12

13 | JAMES KENNEY, Derivatively on Behalf of | Case No. C-12-02268-EJD
   | FINISAR CORPORATION,
14 |
   |                          Plaintiff,       | **[PROPOSED] ORDER AND FINAL**
15 |                                            | **JUDGMENT**
   |        v.                                 |
16 |                                            | **EXHIBIT D**
   | EITAN GERTEL, JERRY S. RAWLS,
17 | KURT ADZEMA, ROGER C. FERGUSON,
   | ROBERT N. STEPHENS, THOMAS E.
18 | PARDUN, MICHAEL C. CHILD, and
   | DOMINIQUE TREMPONT,                       | Judge:  Hon. Edward J. Davila
19 |
   |                          Defendants,
20 |        -and-
   |
21 | FINISAR CORPORATION, a Delaware
   | corporation,
22 |
   |                  Nominal Defendant.
23

24

25

26

27

28

This matter came before the Court for hearing on _____, 2019, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated February 14, 2019, and the exhibits thereto (the "Stipulation").  The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement.  Good cause appearing therefore, the Court enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties to the Action.

3.      The Court finds that the Notice provided to Finisar shareholders constituted the best notice practicable under the circumstances.  The Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4.      The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable, adequate, and in the best interests of Finisar and its shareholders.

5.      The Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.      Upon the Effective Date, the Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all derivative claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7.      Except as set forth in paragraph 6.3 in the Stipulation, upon the Effective Date, each of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiff and Plaintiff's Counsel from all claims (including claims related to Unknown

Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8.     During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes, including Section 128.7 of the California Code of Civil Procedure.

9.     The Court hereby approves the sum of $190,000 for the payment of Plaintiff's Counsel's attorneys' fees and expenses ("Fee and Expense Amount"), and finds that the Fee and Expense Amount is fair and reasonable.  No other fees, costs, or expenses may be awarded to Plaintiff's Counsel in connection with the Settlement.  The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

10.     The Court hereby approves the service award of $2,000 for Plaintiff to be paid from Plaintiff's Counsel's Fee and Expense Amount in recognition of Plaintiff's participation and effort in the prosecution of the Action.

11.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

12.     The Released Persons may file the Stipulation and/or the Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Stipulation and/or the Judgment: (i) in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

- 2 -

preclusion or similar defense or counterclaim; (ii) in furtherance of the Settlement contemplated in the Stipulation; and (iii) in any action to enforce the Settlement.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.  If for any reason the Effective Date does not occur, or if the Stipulation is in any way canceled, terminated or fails to become Final in accordance with its terms, then: (a) all Settling Parties and Released Persons shall be restored to their respective positions in the Action as of February 14, 2019; (b) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (c) the Fee and Expense Amount paid to Plaintiff's Counsel shall be refunded and returned within thirty (30) calendar days; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Action, or in any other action or proceeding.  In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action, or in any other proceeding for any purpose.

14.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

15.     This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation.  Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED:

_____
HONORABLE EDWARD J. DAVILA
U.S. DISTRICT JUDGE

1334100

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO. C-12-02268-EJD