ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
brobbins@robbinsarroyo.com
KEVIN A. SEELY (199982)
kseely@robbinsarroyo.com
ASHLEY R. RIFKIN (246602)
arifkin@robbinsarroyo.com
STEVEN M. McKANY (SBN 271405)
smckany@robbinsarroyo.com
5040 Shoreham Place
San Diego, CA 92122
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES KENNEY, Derivatively on Behalf of FINISAR CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>EITAN GERTEL, JERRY S. RAWLS, KURT ADZEMA, ROGER C. FERGUSON, ROBERT N. STEPHENS, THOMAS E. PARDUN, MICHAEL C. CHILD, and DOMINIQUE TREMPONT,<br><br>        Defendants,<br>    -and-<br><br>FINISAR CORPORATION, a Delaware corporation,<br><br>        Nominal Defendant. | Case No. C-12-02268-EJD<br><br>~~[PROPOSED]~~ **ORDER AND FINAL JUDGMENT**<br><br><br>Judge: Hon. Edward J. Davila |

1   This matter came before the Court for hearing on June 27, 2019, to consider approval of the
2   proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated February 14,
3   2019, and the exhibits thereto (the "Stipulation"). The Court has reviewed and considered all
4   documents, evidence, objections (if any), and arguments presented in support of or against the
5   Settlement. Good cause appearing therefore, the Court enters this Judgment.

6       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

7       1.      This Judgment incorporates by reference the definitions in the Stipulation, and all
8   capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

9       2.      This Court has jurisdiction over the subject matter of the Action, including all matters
10  necessary to effectuate the Settlement, and over all Settling Parties to the Action.

11      3.      The Court finds that the Notice provided to Finisar shareholders constituted the best
12  notice practicable under the circumstances. The Notice fully satisfied the requirements of Rule 23.1
13  of the Federal Rules of Civil Procedure and the requirements of due process.

14      4.      The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable,
15  adequate, and in the best interests of Finisar and its shareholders.

16      5.      The Action and all claims contained therein, as well as all of the Released Claims
17  against Released Persons, are dismissed with prejudice. The Settling Parties are to bear their own
18  costs, except as otherwise provided in the Stipulation.

19      6.      Upon the Effective Date, the Releasing Persons shall be deemed to have fully, finally,
20  and forever released, relinquished, and discharged the Released Claims (including Unknown Claims)
21  against the Released Persons and any and all derivative claims arising out of, relating to, or in
22  connection with the defense, settlement, or resolution of the Action against the Released Persons.
23  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms
24  of the Stipulation.

25      7.      Except as set forth in paragraph 6.3 in the Stipulation, upon the Effective Date, each
26  of the Defendants shall be deemed to have fully, finally, and forever released, relinquished, and
27  discharged Plaintiff and Plaintiff's Counsel from all claims (including claims related to Unknown

28

- 1 -

Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. During the course of the litigation, all parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and all other similar laws or statutes, including Section 128.7 of the California Code of Civil Procedure.

9. The Court hereby approves the sum of $190,000 for the payment of Plaintiff's Counsel's attorneys' fees and expenses ("Fee and Expense Amount"), and finds that the Fee and Expense Amount is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiff's Counsel in connection with the Settlement. The Fee and Expense Amount shall be distributed in accordance with the terms of the Stipulation.

10. The Court hereby approves the service award of $2,000 for Plaintiff to be paid from Plaintiff's Counsel's Fee and Expense Amount in recognition of Plaintiff's participation and effort in the prosecution of the Action.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

12. The Released Persons may file the Stipulation and/or the Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Stipulation and/or the Judgment: (i) in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue

- 2 -

1  preclusion or similar defense or counterclaim; (ii) in furtherance of the Settlement contemplated in

2  the Stipulation; and (iii) in any action to enforce the Settlement.

3       13.    Without affecting the finality of this Judgment in any way, this Court hereby retains

4  continuing jurisdiction with respect to implementation and enforcement of the terms of the

5  Stipulation. If for any reason the Effective Date does not occur, or if the Stipulation is in any way

6  canceled, terminated or fails to become Final in accordance with its terms, then: (a) all Settling

7  Parties and Released Persons shall be restored to their respective positions in the Action as of

8  February 14, 2019; (b) all releases delivered in connection with the Stipulation shall be null and

9  void, except as otherwise provided for in the Stipulation; (c) the Fee and Expense Amount paid to

10 Plaintiff's Counsel shall be refunded and returned within thirty (30) calendar days; and (d) all

11 negotiations, proceedings, documents prepared, and statements made in connection herewith shall be

12 without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a

13 Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose

14 in any subsequent proceeding in the Action, or in any other action or proceeding. In such event, the

15 terms and provisions of the Stipulation shall have no further force and effect with respect to the

16 Settling Parties and shall not be used in the Action, or in any other proceeding for any purpose.

17      14.    Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby

18 finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to

19 perform its terms to the extent the Settling Parties have not already done so.

20      15.    This Judgment is a final judgment, and the Court finds that no just reason exists for

21 delay in entering the Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby

22 directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil

23 Procedure.

24      **IT IS SO ORDERED.**

25 DATED:    6/27/19

26                                    HONORABLE EDWARD J. DAVILA
                                      U.S. DISTRICT JUDGE
27 1358538

28                                         - 3 -